IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**LESTER HILL**                                                                                                                  **PETITIONER**

**v.**                                        **CV NO. 2:08-CV-2082-RTD**

**LARRY NORRIS, Director**
**Arkansas Department of Correction**                                                                         **RESPONDENT**

## O R D E R

Before the court is the Petitioner's Motion for Transcript (ECF No. 86) filed August 2, 2011. The Petitioner filed a previous Motion for Transcript (ECF No. 83) on July 7, 2010 which the court denied but instructed the clerk to forward copies of the tape of the hearing to the Petitioner. (ECF No. 84). The Petitioner, being an inmate in the Arkansas Department of Correction, is unable to access the tapes which have been sent to him and is seeking to have the tapes transcribed. (ECF No. 86-1).

On July 24, 2008, Mr. Hill filed a motion pursuant to 28 U.S.C. § 2254 seeking to vacate his convictions in Sebastian County Circuit Court for kidnaping and two counts of rape on the grounds of ineffective assistance of counsel (ECF No. 1). A limited evidentiary hearing was conducted on January 30, 2009. As a result of the hearing the court found Mr. Hill's post-trial counsel was grossly negligent in failing to file a Rule 37 petition (ECF No. 34). A full evidentiary hearing was conducted on September 15, 2009.

A Report and Recommendation (ECF No. 65) was filed on October 5, 2009 recommending that the Petitioner's Petition be dismissed. The R&R was adopted by the District Judge on November 2, 2009. (ECF No. 69). The Petitioner filed a Notice of Appeal (ECF No.

72) on November 24, 2009 but an Order was entered denying a Certificate of Appealability (ECF No. 76) on January 14, 2010. The Eighth Circuit Court of Appeal affirmed the denial of the Certificate of Appealability on June 3, 2010 and the case was dismissed. (ECF No. 81). The Petitioner now brings this motion seeking a transcript of the hearing held on September 15, 2009 in order to appeal to the United States Supreme Court.

    The Eighth Circuit has stated that "it is clear that a majority of the Court (the Supreme Court in *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)) concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case." *United States v. Russell Losing, Jr.*, supra, 601 F.2d at 353. See also *United States v. Losing*, 584 F.2d 289 (8th Cir. 1978), Cert. denied, 439 U.S. 1081, 99 S.Ct. 865, 59 L.Ed.2d 51 (1979). *See U.S. v. Lewis* 605 F.2d 379, 379 (C.A.Minn., 1979)

    In this case the Petitioner's Certificate of Appealability was denied by the Eighth Circuit. He has cited no specific error but only that he desires to appeal to the United States Supreme Court. The record is abundant with written documentation and the Petitioner's request has no merit.

    The Petitioner's Motion for a Transcript of the hearing conducted September 15, 2009 is **DENIED.**

    IT IS SO ORDERED this August 5, 2011.

    */s/ J. Marschewski*
    HONORABLE JAMES R. MARSCHEWSKI
    Chief United States Magistrate Judge