### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FORT SMITH DIVISION

**LESTER HILL**                                                                            **PETITIONER**


    **v.**                                      **CV NO. 2:08-CV-2082-RTD**


**LARRY NORRIS, Director**
**Arkansas Department of Correction**                                    **RESPONDENT**

### O R D E R

Before the court is the Petitioner's Motion for Reconsideration from Denial of Motion for Transcript (ECF No. 88) filed August 16, 2011. The Petitioner filed a previous Motion for Transcript (ECF No. 83) on July 7, 2010 which the court denied but instructed the clerk to forward copies of the tape of the hearing to the Petitioner. (ECF No. 84).  The Petitioner, being an inmate in the Arkansas Department of Correction, is unable to access the tapes which have been sent to him and is seeking to have the tapes transcribed. (ECF No. 86-1).

The Eighth Circuit has stated that "it is clear that a majority of the Court (the Supreme Court in *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)) concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case." *United States v. Russell Losing, Jr.*, supra, 601 F.2d at 353. See also *United States v. Losing*, 584 F.2d 289 (8th Cir. 1978), Cert. denied, 439 U.S. 1081, 99 S.Ct. 865, 59 L.Ed.2d 51 (1979). *See U.S. v. Lewis* 605 F.2d 379, 379 (C.A.Minn., 1979).

There were no non-frivolous claims in the petition and  the Petitioner's Certificate of

Appealability was denied by the Eighth Circuit.  The Petitioner now claims in his motion for

reconsideration that Mr. Shue, the prosecuting attorney in his state case, did not testify as the

court has stated that he did at the evidentiary hearing.  The video was played in its entirety at the

hearing as it was at trial.   The court has again reviewed the taped testimony of Mr. Shue and

finds no inconsistences between Mr. Shue's testimony and the court's Report and

Recommendation.

The court finds no good reason to impose the costs on the Government of providing a

transcript for the Petitioner and the Petitioner's Motion for Reconsideration From Denial of

Motion for a Transcript of the hearing conducted September 15, 2009 is **DENIED.**

IT IS SO ORDERED this August 24, 2011.

/s/ J. Marschewski

HONORABLE JAMES R. MARSCHEWSKI
Chief United States Magistrate Judge